**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Benjamin Wagner,

Petitioner,

v.

Raphael Washington,

Respondent,
_________________________________/

Case No. 2:26-cv-11344
Honorable Jonathan J.C. Grey
United States District Judge

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1) AND DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Benjamin Wagner is a pretrial detainee incarcerated at the Wayne County Jail in Detroit, Michigan, where he faces multiple charges for criminal sexual conduct and kidnapping. Wagner has purportedly filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Wagner does not challenge his own pretrial detention or pending criminal charges but instead challenges the criminal convictions of another man, Derrick Lee Cardello-Smith, who is enjoined from filing habeas or civil rights cases in the Eastern District of Michigan without leave from the Chief Judge or the Miscellaneous Duty Judge.

For the reasons set forth below, the petition for writ of habeas corpus is **SUMMARILY DENIED** and the certificate of appealability and permission to appeal in forma pauperis is **DENIED**.

## I. BACKGROUND

### A. Petition for Writ of Habeas Corpus

The petition contains an affidavit that is purportedly by Wagner. The affidavit claims that Wagner is a retired Detroit police officer and serial rapist. (ECF No. 1, PageID.3.) The affidavit alleges that numerous parties, including the current Wayne County prosecutor Kym Worthy, entertainer Sean Combs, several Detroit police officers, and other law enforcement personnel allegedly conspired to fabricate criminal charges against Cardello-Smith because he refused to relinquish his financial interest in Combs' Bad Boy Records company and to hide Combs' sexual assault of Cardello-Smith. (*Id.* at PageID.3–4.)

The petition further claims that: (1) Wagner and other parties conspired to murder Cardello-Smith; (2) Wagner conspired to wrongfully convict Cardello-Smith; (3) Wagner and other Detroit police officers were permitted to rape women to divert attention from a sex trafficking operation Prosecutor Worthy authorized; (4) these women "were used to

frame" Cardello-Smith for rapes he did not commit; and (5) Prosecutor Worthy and other law enforcement officials refuse to release rape kit evidence that would exonerate Cardello-Smith. (*Id.* at PageID.3–5.)

### B. Cardello-Smith's Criminal Convictions

The Court takes judicial notice of information contained in the Michigan Department of Corrections' Offender Tracking Information System (OTIS) database.[1] Cardello-Smith is serving multiple sentences imposed in separate criminal cases in the Wayne County Circuit Court. In 1996, Cardello-Smith was convicted of two counts of third-degree criminal conduct. In 2008, Cardello-Smith was convicted of six counts of first-degree criminal sexual conduct and two counts of kidnapping. In 2019, Cardello-Smith was convicted of four counts of first-degree criminal sexual conduct.

In 2007, a district court denied Cardello-Smith's habeas petition on his 1998 convictions on the merits. *Cardello-Smith v. White*, 2:06-cv-306 (W.D. Mich. Aug. 28, 2007) (adopting report and recommendation of the magistrate judge). In 2014, the United States Court of Appeals for the

[1] The Court is permitted to take judicial notice of information contained in OTIS. *Givan v. Unknown Party*, 2022 WL 3210078, at *2 (W.D. Mich. Aug. 9, 2022) (citations omitted); *see also Marshek v. Eichenlaub*, 266 F. App'x 392, 392 (6th Cir. 2008) (taking judicial notice of the Federal Bureau of Prisons Inmate Locator).

Sixth Circuit denied Cardello-Smith permission to file a second habeas petition to challenge this conviction. *In Re Cardello-Smith,* No. 13-2477 (6th Cir. June 6, 2014).

In 2017, a district court denied Cardello-Smith habeas relief on his 2008 convictions on the merits. *Cardello-Smith v. Bauman*, 5:10-cv-11052, 2016 WL 898541 (E.D. Mich. Mar. 9, 2016); *appeal dism.* No. 16-1545 (6th Cir. Jan. 31, 2017). The Sixth Circuit has since denied Cardello-Smith permission four times to file a successive petition to challenge this conviction. *In Re Cardello-Smith*, No. 24-1796 (6th Cir. Feb. 6, 2025); *In Re Cardello-Smith*, No. 23-1375 (6th Cir. Aug. 17, 2023); *In re Cardello-Smith*, No. 19-1719 (6th Cir. Nov. 7, 2019); *In Re Cardello-Smith,* No. 16-2259 (6th Cir. Aug. 25, 2017).

In 2020, a district court denied Cardello-Smith habeas relief on his 2019 convictions on the merits. *Cardello-Smith v. Burt,* No. 1:19-cv-759, 2020 WL 1910025 (W.D. Mich. Apr. 20, 2020); *appeal dism.* No. 20-1457, 2020 WL 6738108 (6th Cir. Oct. 16, 2020). The Sixth Circuit has since denied him permission to file a successive petition with respect to this conviction. *In Re Cardello-Smith,* No. 21-2971 (6th Cir. Mar. 2, 2022).

### C. History of Frivolous Litigation

Cardello-Smith "has had at least seven civil rights complaints dismissed for being frivolous or malicious or for failing to state a claim." *Cardello-Smith v. Combs*, No. 24-CV-12647, 2025 WL 269167, at *6 (E.D. Mich. Jan. 22, 2025) (quoting *Cardello-Smith v. Combs*, No. 24-cv-12737, 2024 WL 4819571, at *1 (E.D. Mich. Nov. 18, 2024) (collecting cases)). At least one court has found that Cardello-Smith "appears to have fabricated evidence." *Id.* (quoting *Cardello-Smith v. Burk*, 19-cv-1018, 2022 WL 4395911, at *2 (W.D. Mich. Sep. 22, 2022)). Cardello-Smith's "litigation record includes many cases that courts have deemed meritless or duplicative." *Id.* (collecting cases); *Cardello-Smith v. Combs*, 2025 WL 269167, at * 7 ("Plaintiff has docketed numerous filings in a period of several months. Some filings are duplicative. Some of them appear to be fabricated or forged.").

Because of this extensive history of vexatious and frivolous litigation, on June 30, 2025, Judge Judith E. Levy enjoined Cardello-Smith from filing cases and documents in the Eastern District of Michigan. *Cardello-Smith v. Combs*, 2025 WL 1951722, at *11. In the matter before her, Judge Levy noted that Cardello-Smith had docketed

false affidavits from the victims of his crimes and forged notarizations.

*Id.* at *10. Judge Levy issued the following order:

> First, Plaintiff Derrick Lee Cardello-Smith is ENJOINED from filing any new lawsuits or other documents in the Eastern District of Michigan without first seeking and obtaining leave of court. Specifically, he must receive written permission from the Chief Judge or the Miscellaneous Duty Judge by following the requirements below:
>
> 1. If Cardello-Cardello-Smith wishes to file any document in the U.S. District Court for the Eastern District of Michigan, including a complaint, he must file a "Motion Pursuant to Court Order Seeking Leave to File."
> 2. With the above Motion Pursuant to Court Order Seeking Leave to File, Cardello-Cardello-Smith must attach the following as exhibits:
>     a. A copy of the document he proposes to file;
>     b. A copy of this Order;
>     c. A written declaration which he has prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit, certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court, (2) the claim or issue is not frivolous, and (3) the proposed filing is not being filed in bad faith;
>     d. A document containing a list showing (1) the complete caption of every suit that has been previously filed by him or on his behalf in any court against each defendant in any new suit he wishes to file and (2) the complete caption of every suit which he has currently pending;
>     e. A complete set of copies of each Complaint identified and listed in the document required by subparagraph (d) above, along with a record of its disposition.
>
> The Court may deny any Motion for leave to file if it does not comply with the above requirements or if the proposed filing

> is duplicative, frivolous, vexatious, or harassing. If the Motion is denied, the proposed filing shall not be accepted for filing. Cardello-Smith's failure in any way to comply fully with the terms of this Order shall be sufficient grounds to deny any Motion for leave to file.
>
> Further, to prevent future harassment and waste of the Court's limited resources, the Clerk's office is ORDERED as follows:
>
> 1. Any document submitted by Cardello-Smith shall not be accepted for filing unless it is a "Motion Pursuant to Court Order Seeking Leave to File" and unless it contains the exhibits described above.
> 2. The Clerk's Office shall not accept any filing fees, cover sheets, in forma pauperis applications, or any other documents, in connection with any "Motion Pursuant to Court Order Seeking Leave to File," which Cardello-Smith files, unless and until leave has been granted.

*Id.* at *11–12. Additionally, district courts dismissed two "next friend" petitions filed on Cardello-Smith's behalf because the purported "next friends" did not have standing to file such a petition. *Preston v. Bonn*, No. 1:25-CV-895, 2025 WL 2618598 (W.D. Mich. Sept. 11, 2025) (Maloney, J.); *Preston v. Wayne Cnty. Prosecutor's Off.*, No. 25-CV-12447, 2025 WL 2487774 (E.D. Mich. Aug. 28, 2025) (White, J.). In *Preston v. Bonn,* Judge Maloney noted that "it appears that fabricated court transcripts were filed with the present petition." 2025 WL 2618598, * 2, n.2. In *Preston v. Wayne Cnty. Prosecutor's Off.,* Judge White noted in a footnote that:

> This is assuming, of course, that it is the Prestons who have actually filed this petition and its supporting documents. Judge Levy's prior opinion noted Cardello-Smith's long history of filing forged documents and false affidavits in support of his claims. Buttressing this Court's suspicions as to the true identity of the petitioners and their purported evidence is the fact that although the Prestons here claim to be husband and wife, Cardello-Smith in a prior case attached an e-mail he sent to Kathy Preston, in which he refers to her as his wife. (See Case No. 24-cv-12647, ECF No. 1, PageID.353).

*Id.*, 2025 WL 2487774, at * 3, n.2.

The current petition purports to be brought by Wagner but challenges the constitutionality of Cardello-Smith's convictions. (ECF No. 1.)

## II. ANALYSIS

### A. Petition for Writ of Habeas Corpus

The Court must review of a habeas corpus petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4; *see also Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.1970) (stating that

the district court has the duty to "screen out" petitions that lack merit on their face). A district court may summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *Allen*, 424 F.2d at 141.

Here, the petition for writ of habeas corpus must be dismissed. First, the Court has grave concerns as to whether Wagner actually filed this petition because of (1) Cardello-Smith's history of filing false affidavits and fabricated evidence and (2) Cardello-Smith's apparent prior attempts to file "next friend" petitions on his own behalf. This Court shares the suspicions of Judge Levy, Judge Maloney, and Judge White concerning the veracity of the person bringing this petition. The Court reviewed the pleadings in this action and compared them to Cardello-Smith's pleadings in his prior cases. The font, single spacing, and format used in this case and in Cardello-Smith's other pleadings is similar. It is

also concerning that the notary stamp on Wagner's alleged affidavit lists an August 30, 2030 expiration date (ECF No. 1, PageID.5), but the notary public's commission on the Michigan Department of State Notary Public Search lists an expiration date of March 8, 2031.

Second, Judge Levy enjoined Cardello-Smith from filing any lawsuit in the Eastern District of Michigan unless he moves for leave with the Chief Judge or Miscellaneous Duty Judge with the required supporting documentation. *Cardello-Smith v. Combs*, 2025 WL 1951722, at *11. Because Cardello-Smith failed to comply with Judge Levy's order, this petition is impermissible.

Third, even if Wagner truly brings this petition, he lacks standing to file a habeas petition on behalf of Cardello-Smith. An application for a writ of habeas corpus may be filed by one person on behalf of another. 28 U.S.C. § 2242. "Next friend" status will not be granted automatically. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Two "firmly rooted prerequisites" must be satisfied before "next friend" status will be conferred. *Id.* First, "a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own

behalf to prosecute the action." *Id.* Second, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id*. Restrictions limit who may act as a "next friend" because "[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." *Id.* at 164. Where a habeas petitioner seeks to proceed as the next friend of a state inmate, the burden is upon the petitioner to establish the propriety of his or her status to justify the court's jurisdiction. *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998).

Wagner cannot bring a "next friend" action on behalf of Cardello-Smith, because the petition does not allege that Cardello-Smith is incompetent or incapable of bringing a habeas petition on his own behalf, nor has there been a showing that Wagner is truly dedicated to Cardello-Smith's interests. Moreover, to the extent that Wagner is bringing a "next friend" action but merely alleges the violation of Cardello-Smith's constitutional rights, a habeas petitioner lacks standing to assert the constitutional rights of another person. *Bowers v. Michigan*, No. 16-2325, 2017 WL 1531958, at *2 (6th Cir. Apr. 28, 2017).

Accordingly, this petition is **DENIED WITH PREJUDICE**.

### B. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. To warrant a certificate of appealability, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court denies a certificate of appealability because reasonable jurists would not find this Court's decision debatable. The Court likewise denies permission to appeal in forma pauperis because any appeal of this decision would be frivolous. 28 U.S.C. § 1915(a)(3).

## III. CONCLUSION

For the reasons set forth above, this petition for writ of habeas corpus (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

**IT IS FURTHER ORDERED** that the petitioner is denied leave to appeal in forma pauperis.

**SO ORDERED.**

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

Date: October 7, 2026

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 7, 2026.

s/ **S. Osorio**
Sandra Osorio
Case Manager